The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer, and the briefs before the Full Commission. The Full Commission on its own motion waived oral argument by the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Defendant Atkinson Farms, Inc. is an agricultural business, engaged in growing multiple seasonal crops including tobacco, soybeans, sweet potatoes and corn.
2. In July, 1992, defendant employed plaintiff as a seasonal farm laborer to work as a welder on tobacco curing boxes during the tobacco season.
3. At all times during plaintiff's employment with defendant, the defendant employed less than ten (10) full-time nonseasonal agricultural workers on a regular basis.
4. Defendant also operated a small farm supply store on their farm property that sold its wares almost exclusively to Atkinson Farms and J. D. Teachey Farms. Plaintiff was never employed by the store, although on several occasions he did perform brief and casual tasks to assist Mr. Gene Atkinson, the physically handicapped operator of said store.
5. In August, 1992, plaintiff alleges that he sustained an injury to his back welding tobacco boxes, while working for defendant.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission makes the following:
CONCLUSIONS OF LAW
1. At all times relevant to this action, defendant was engaged in farming operations within the State of North Carolina and regularly employed fewer than ten (10) full-time nonseasonal agricultural workers, such that defendant is not within the coverage of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(1), 97-13(b).
2. At all times relevant to this action, defendant was engaged in the harvesting and curing of tobacco to prepare for its initial sale. The duties being performed by plaintiff as a tobacco box welder at the time of his alleged injury by accident, were essential to the harvesting of defendant's tobacco crop and as such constituted farm labor, which is not within the coverage of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(1), 97-13(b).
* * * * * * * * * * *
Based upon the findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commission and enters the following:
ORDER
Plaintiff's claim must be and is hereby DENIED for lack of jurisdiction by the North Carolina Industrial Commission.
 S/ _________________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
S/ ____________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
PAH:dpd